### LOUISVILLE & NASHVILLE R. Co. *v.* JOHN M. MAY.

**Damages—Negligence—Instructions—Weight of Evidence.**
> Where, in a suit for damages resulting from the negligent acts of the defendant, the court charges the jury that it should consider all the facts and circumstances proven in the case, it was authorized to take into consideration the condition of the drawhead; and the court did not err in refusing to give an instruction as to the condition of such drawhead.

**Weight of the Evidence.**
> Where there have been two concurring verdicts, the court of appeals will not reverse a judgment on the weight of the evidence.

APPEAL FROM WARREN CIRCUIT COURT.

October 3, 1874.

OPINION BY JUDGE LINDSAY:

The court did not err in refusing instruction No. 8, asked by appellant. The appellee was bound to use ordinary care, and the

jury were so instructed, and in determining whether he did use such care, the jury were told by instruction No. 14 that they should consider all the facts and circumstances proven in the case. This authorized them to take into consideration the condition of the drawhead; to have called special attention to the drawhead, as was intended to be done by the refused instruction, would have been to give its condition undue importance. Instruction No. 12, given on motion of appellee, is not subject to the criticism in which counsel indulge. The adjectives "gross" and "willful" apply to and qualify "carelessness" as well as "negligence," and this fact must have been palpable to the jury.

We cannot reverse this judgment upon the facts. Appellant proves more than mere inadvertance upon the part of the fireman, who was operating the engine at the time of the accident. If the speed of the locomotive was suddenly increased, when the two cars to be coupled were in a few inches of each other, it was an act of gross negligence, if not of positive recklessness.

The fact of the increase of speed is disputed by two or more witnesses; it was for the jury to determine the question.

They accepted and acted on the version given by appellee, and as this is the second finding in his favor we do not feel authorized to interfere.

Judgment *affirmed.*

*Hines & Porter, for appellant.*
*J. A. Mitchell, for appellee.*